## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DEES NUTS LLC,
a Florida limited liability company,

     Plaintiff,

v.

                                    Case No. 3:23-CV-

                                    **DEMAND FOR TRIAL BY JURY**

FEASTABLES INC.,
a Delaware corporation,

     Defendant.

_____/

## <u>VERIFIED COMPLAINT</u>

COMES NOW Plaintiff, DEES NUTS LLC, who files this Complaint against Defendant, FEASTABLES INC., for willful and deliberate use of Dees Nuts LLC's federal registered trademark in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125of the Lanham Act, Plaintiff's Florida common law trademark rights, Florida common law unfair competition, as well as Florida Deceptive and Unfair Trade Practices Act (§§ 501.201 et seq., Florida Statutes), and alleges:

### PARTIES

1.     Dees Nuts LLC (Plaintiff or "Dee's Nuts") is a limited liability company formed under the laws of Florida with its principal place of business at 7949 Atlantic Boulevard, Suite 203, Jacksonville, Florida 32211.

2.      Feastables Inc. is a corporation formed under the laws of Delaware with its principal place of business at 167 North Green Street, 4th Floor, Chicago, Illinois 60607.

3.      This is a complaint for trademark infringement under the Lanham Act (15 U.S.C. § 1114) of U.S. Trademark Registration Number 4215028 for the mark DEE'S NUTS®, unfair competition under the Lanham Act, Florida common law trademark infringement, Florida common law unfair competition, and deceptive and unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act (§§ 501.201 et seq., Florida Statutes).

## JURISDICTION AND VENUE

4.      This is a civil action arising under the Lanham Act (15 U.S.C. § 1051, et seq.), for federal trademark infringement and unfair competition, and Florida statutory and common law.

5.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a) and (b) as this case involves a federal question arising under the trademark laws of the United States and claims under the laws of Florida which are joined with substantial and related claims under trademark and unfair competition law. This Court has supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to Dees Nuts' claims occurred in this judicial district. Feastables Inc. has used and continues to use the

DEE'S NUTS® registered trademark, or a confusingly similar and phonetically equivalent thereof, within this district.

7.     Defendant Feastables Inc. is subject to the personal jurisdiction of this Court pursuant to Florida Statutes sections 48.193(1)(a) and (b) because Defendant operates, conducts, engages in, or carries on a business venture in this State, and because Defendant has committed the tortious acts of trademark infringement and unfair competition described below in this State, and such causes of action arose from the foregoing acts. Defendant Feastables Inc. is further subject to this Court's personal jurisdiction pursuant to Florida Statutes section 48.193(2) because Defendant engages in substantial activities within the State of Florida.

## FACTS COMMON TO ALL COUNTS

8.     Plaintiff is the owner of an incontestable U.S. Trademark Registration for the standard character word mark "DEE'S NUTS" (the "DEE'S NUTS Mark"), which was registered on September 25, 2012, under Registration Number of 4215028. Plaintiff as the owner of the registered DEE'S NUTS mark has the presumptive exclusive right to use the mark.  Plaintiff has consistently used the DEE'S NUTS Mark in commerce for the sale of gourmet flavored peanuts for over a decade.  During that period, Plaintiff has grown and established itself as a market leader in selling processed nuts and sells millions of dollars' worth of processed nuts annually.  Plaintiff has also used DEE'S NUTS in connection with apparel for several years.

3

**THE DEE'S NUTS MARK**

9.     The DEE'S NUTS Mark was first selected and used by Brian A. Ditore, predecessor in interest to, and current principal of, Plaintiff Dees Nuts LLC.

10.     Brian A. Ditore selected the DEE'S NUTS Mark based on his grandmother, Adeline D'amore, who many knew as "Mrs. Dee." Her laughter and belief that life should not be taken too seriously inspired Brian A. Ditore to select a trademark that paid homage to her and her comedic flair, hence DEE'S NUTS was created.

11.     Brian A. Ditore began offering DEE'S NUTS processed peanuts with his family and, with substantial investments of time, money, and resources, has grown a national reputation and following within the processed nut industry.

12.     On June 15, 2011, Brian A. Ditore submitted an intent-to-use application for trademark registration with the United States Patent and Trademark Office ("USPTO") of the trademark DEE'S NUTS for use with processed nuts.

13.     The application to register the trademark DEE'S NUTS was assigned Serial Number 85346479.

14.     On July 26, 2012, Brian A. Ditore filed a Statement of Use with the USPTO stating the trademark DEE'S NUTS had been used in commerce in connection with processed nuts on May 3, 2012, including the below specimen (a true and correct copy contained within **COMPOSITE EXHIBIT A**).

4



15.     On September 25, 2012, the application for DEE'S NUTS was issued as Registration No. 4215028 on the Principal Register of the USPTO, protecting the trademark DEE'S NUTS used in connection with processed nuts. A true and correct copy of the USPTO Trademark Status & Document Retrieval (TSDR) Status and Documents pertaining to the DEE'S NUTS Registration is attached and incorporated here as **COMPOSITE EXHIBIT A**.

16.     On October 26, 2017, Section 8 renewal and Section 15 Declaration of Incontestability for the DEE'S NUTS Mark were filed with the USPTO; both of which were subsequently accepted and acknowledge by the USPTO on November 21, 2017. A true and correct copy of the USPTO's Notice of Acceptance Under Section 8 and Notice of Acknowledgement Under Section 15 of Plaintiff's Declaration of Incontestability is contained within **COMPOSITE EXHIBIT A**.

17.     On October 12, 2021, Brian A. Ditore filed Electronic Articles of Organization with the Florida Division of Corporations to form Plaintiff, Dees Nuts LLC.

18.     Ownership of the DEE'S NUTS Mark was thereafter transferred by Brian A. Ditore to Plaintiff Dees Nuts LLC.

19.     On May 26, 2022, a Combined Section 8 Declaration of Use and Section 9 Application for Renewal of Registration for the DEE'S NUTS Mark was filed with the USPTO.   On December 8, 2022, the USPTO accepted Plaintiff's Section 8 declaration and renewed the registration for DEE'S NUTS Mark.  A true and correct copy of the USPTO's Notice of Acceptance under Section 8 and Notice of Registration Renewal Under Section 9 is contained within **COMPOSITE EXHIBIT A**.

### BUILDING GOODWILL IN DEE'S NUTS

20.     After registration, a lengthy and dedicated grassroots campaign of brand exposure began with the DEE'S NUTS Mark and products being placed in front of consumers at large gatherings.

21.     In 2016, the DEE'S NUTS Mark was emblazoned on an RV and trailer as part of the grassroots marketing efforts.



22.     Starting that year, the RV, trailer, and DEE'S NUTS products were regularly on tour and exposed to consumers at:

 a. The National Peanut Festival in Dothan, Alabama;

 b. The NASCAR Championship Race in Homestead, Florida;

 c. The Daytona Beach Turkey Run at Daytona International Speedway in Daytona Beach, Florida;

 d. The Cowboy Christmas Show in Las Vegas, Nevada;

 e. The American Kennel Club National Championships in Orlando, Florida;

 f. The National Candy Gift & Gourmet Show in Philadelphia, Pennsylvania;

 g. The AmericasMart in Atlanta, Georgia;

 h. The Dallas World Trade Center in Dallas, Texas;

 i. The Louisville Gift Show in Shepherdsville, Kentucky;

 j. The ASD Trade Show in Las Vegas, Nevada;

 k. The Richmond International Raceway in Richmond, Virginia;

 l. The Talladega Superspeedway in Lincoln, Alabama;

 m. The Florida Strawberry Festival in Plant City, Florida;

 n. The Vintage Market Days in Naples, Florida;

 o. The Vintage Market Days in Savannah, Georgia;

 p. The Vintage Market Days in Mobile, Alabama;

 q. The Vintage Market Days in Birmingham, Alabama;

r.    The Vintage Market Days in Nashville, Tennessee;

s.    The Vintage Market Days at Atlanta Motor Speedway in Hampton, Georgia;

t.    The Sweet Auburn Music Fest in Atlanta, Georgia;

u.    The Bodacious Bazaar in Hampton, Virginia;

v.    The Celebrate Fairfax Festival in Fairfax, Virginia;

w.    The Navy Exchange Mall in Pensacola, Florida;

x.    The Navy Exchange Mall in Norfolk, Virginia;

y.    The Navy Exchange Mall in Jacksonville, Florida;

z.    The Bar and Wine Show in Las Vegas, Nevada;

aa.    The Sweet and Snack Expo in Las Vegas, Nevada;

bb.    The Asian American Trade Association Council Tradeshow in North Carolina;

cc.    Playlist Live in Orlando, Florida;

dd.    BrewFest in Florida;

ee.    Southern Women's Show Series in Florida;

ff.    Springing the Blues Festival in Jacksonville, Florida;

gg.    OctoberFest in Florida;

hh.    The Vintage Market Days in Charlotte, North Carolina;

ii.    Gruene Lokal Marketplatz in New Braunfels, Texas;

jj.    Garden Ridge Market Days in San Antonio, Texas;

kk.    American Fitness Expo in Houston, Texas;

ll.   The National Association of Convenience Stores Tradeshow in Chicago, Illinois;

mm.   NFR Rodeo in Las Vegas, Nevada;

nn.   Rock's Discount Vitamins NPC Show of Champions & Fit Expo in Florida;

oo.   Home and Garden Show Fall in New Braunfels, Texas;

pp.   Dia de Los Muertos Festival, Georgia;

qq.   Halloween Festival and Night Market in Houston, Texas;

rr.   NB Kids Fest, 10th Annual in Austin, Texas;

ss.   NPC Texas Cup & Fit Expo in Belton, Texas.

23.   After eight (8), the preceding touring marketing efforts continue through today.

24.   In 2017, DEE'S NUTS began being carried in "andThat!" retail locations in Florida, Georgia, and Virginia and Bed Bath & Beyond retail locations in Florida, Georgia, Alabama, and Arizona.

25.   By 2019, DEE'S NUTS products were also being carried in over 100 ABC Fine Wine & Spirit retail locations in Florida.

26.   In 2022, after an extensive process, which included submitting materials to Walmart which included Plaintiff's future plans of offering a gourmet flavored peanut bar in connection with the DEE'S NUTS Mark, Walmart began carrying DEE'S NUTS products in 3900 retail locations across the country.

27.    Then in June 2023, Walgreens began carrying DEE'S NUTS products in their Florida and Georgia retail locations.

28.    Plaintiff's Dees Nuts Products are presently available nationwide through more than one-hundred wholesale distributors, which are located in Alabama, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Kansas, Kentucky, Maryland, Michigan, Mississippi, Missouri, Nebraska, Nevada, New Jersey, New Mexico, New York, North Carolina, Ohio, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Virginia, Washington, West Virginia, and Wisconsin.

29.    Plaintiff Dees Nuts LLC currently manufactures and sells Cool Ranch Hot Sriracha, Dill Pickle, Extra Spicy Ghost Pepper, Hot Cheddah, and Nanner Pudding gourmet peanuts under the DEE'S NUTS Mark.

30.    After years dedicated to building goodwill under the DEE'S NUTS Mark, the DEE'S NUTS products today are distributed and sold across the United States including in 3,900 Walmart stores, andThat!, Bed Bath & Beyond, Walgreens, ABC Fine Wine & Spirits, 7-Eleven and hundreds of independent retailers.

31.    Plaintiff actively and continuously enforced its trademark rights to the DEE'S NUTS Mark against infringing entities.

32.    Plaintiff has expended significant resources on research, development, and marketing products under its DEE'S NUTS Mark. In total, it has

spent about $100,000 on product development, including flavor profiles, and market research.

33.    Dees Nuts LLC has expended significant resources on marketing efforts to increase brand exposure under the DEE'S NUTS mark. In total, Dees Nuts LLC has spent over $600,000 on direct marketing costs alone for the DEE'S NUTS mark. Such costs do not account for in-house marketing performed on the Internet or the in-person marketing completed through trade shows and other venues.

34.    Since starting the business in 2011, sales under the DEE'S NUTS Mark have consistently grown year-after-year, with expected sales for 2023 to be between $4,000,000 to $5,000,000.

**INFRINGEMENT OF DEE'S NUTS BY FEASTABLES, INC.**

35.    In December 2022, a Google review of DEE'S NUTS was left by username "Noah" who rated DEE'S NUTS five-stars and left a single comment; "N u t". A true and accurate depiction of the Google review is attached and incorporated here as **EXHIBIT B**.

36.    Upon information and belief, the "Noah" username and account belongs to a business associate of James Stephen Donaldson, who is also popularly known as "MrBeast," due to the use of the "MrBeast" logo in the account's profile picture.

37.    In February 2023, Dees Nuts LLC first learned that Defendant Feastables Inc. was using the confusingly similar and phonetically equivalent mark

DEEZ NUTZ in connection with the manufacture and sale of chocolate peanut bars.

38.    On February 22, 2023, Dees Nuts LLC sent cease and desist correspondence through counsel to Feastables Inc. demanding that Feastables Inc. immediately stop infringing the DEE'S NUTS Mark through use of the confusingly similar DEEZ NUTZ. A true and correct copy of the correspondence is shown as **EXHIBIT C**.

39.    On April 4, 2023, Feastables Inc. responded through counsel and advised they would continue to use the infringing DEEZ NUTZ mark in connection with their manufacture and sale of chocolate peanut bars. A true and correct copy of the correspondence is shown as **EXHIBIT D**.

40.    On May 15, 2023, Dees Nuts LLC sent a subsequent letter to Feastables, Inc. reiterating its meritorious claims and concerns of Defendant creating a likelihood of confusion amongst the parties' customers and causing irreparable harm to the goodwill and reputation of Plaintiff's DEE'S NUTS Mark. A true and correct copy of the correspondence is shown as **EXHIBIT E.**

41.     More than a decade after Plaintiff's respective adoption and use of the DEE'S NUTS Mark on its various nuts and apparel, Defendant initiated use of the following DEEZ NUTZ product, which is being sold in connection with Defendant's house brands, "Feastables" and "Mr. Beast":



## COUNT I-Federal Trademark Infringement of DEE'S NUTS
### (15 U.S.C. § 1114)

42.     Plaintiff Dees Nuts LLC re-alleges the allegations of paragraphs 1 through 41 herein.

43.     Plaintiff Dees Nuts LLC trademark DEE'S NUTS is a valid trademark registered with the USPTO since 2012. Through promotional efforts, business conduct, and continuous use of the DEE'S NUTS Mark, Plaintiff Dees Nuts LLC has developed and maintained customers and customer goodwill throughout the United States.

44.     Defendant Feastables Inc. has used and continues to use its confusingly similar and phonetically equivalent DEEZ NUTZ mark in Florida and

elsewhere, which has created confusion in the marketplace regarding the origin of the products.

45.     Plaintiff Dees Nuts LLC never authorized or consented to the use by Defendant Feastables Inc of Plaintiff's DEE'S NUTS Mark or given Defendant permission to make copies or imitations thereof.

46.     Defendant Feastables Inc.'s misconduct in using the DEEZ NUTZ mark on the same or closely related goods tarnishes and disparages Plaintiff Dees Nuts LLC's hard-earned goodwill.

47.     Defendant Feastables Inc.'s commercial use of the DEEZ NUTZ mark has caused and will likely continue to cause consumer confusion in the marketplace with the registered DEE'S NUTS trademark, along with consumer confusion, mistake, or deception with respect to the association (or lack thereof) of Defendant Feastables Inc. to Plaintiff Dees Nuts LLC.

48.     Plaintiff Dees Nuts LLC has been and continues to be injured by Defendant Feastables Inc.'s unauthorized and unlawful use of the infringing DEEZ NUTZ mark.

49.     Since the announcement by Defendant Feastables, Inc. of its chocolate peanut bar, Dees Nuts LLC online marketing and social media has been forced to regularly address consumer inquiries and statements regarding association between Dees Nuts LLC, Feastables, Inc., and James Stephen Donaldson. In many cases, Dees Nuts LLC has been baselessly and falsely accused of infringing the intellectual property rights of James Stephen Donaldson even

though Plaintiff holds the registered DEE'S NUTS trademark and have been using it for more than a decade. As an example, **COMPOSITE EXHIBIT F** is a true and accurate depiction of such communications received on Instagram and TikTok.

50.     Plaintiff has neither the online reach nor the resources necessary to counter the confusion being wrought by Defendant Feastables, Inc. and James Stephen Donaldson in their use of the DEEZ NUTZ mark, to the detriment of Plaintiff Dees Nuts LLC and Plaintiff's DEE'S NUTS registered mark.

51.     We have also noticed confusion in the text search bars for retail websites which carry our products. For example, typing in "dees nuts" into the search bar for Walmart.com includes numerous suggestions which include "mr beast bar," "mr beast," "chocolate," "feastable," "candy bar," and "chocolate bar" which are associated with the DEEZ NUTZ chocolate peanut bar. A true and accurate depiction of the Walmart.com search bar suggestions is attached and incorporated as **EXHIBIT G**.

52.     Similarly, a search for "deesnuts" only prompts suggestions relating to the DEEZ NUTZ product on the Walmart.com search bar. A true and accurate depiction of those suggestions is attached and incorporated as **EXHIBIT H**.

53.     Defendant Feastables Inc.'s use of the infringing DEEZ NUTZ mark has caused, and continues to cause, irreparable harm to Plaintiff Dees Nuts LLC and their goodwill and reputation.

54. Plaintiff Dees Nuts LLC gave written notice to Defendant Feastables, Inc. of Plaintiff's registration of DEE'S NUTS and rights therein, but Defendant Feastables Inc. refused and continues to refuse to cease its infringing conduct. By virtue of its unauthorized use of the infringing DEEZ NUTZ mark in interstate commerce, and the likelihood such uses cause confusion, mistake, or deception, Defendant Feastables Inc. has violated and continues to infringe Plaintiff Dees Nuts LLC's trademark.

55. Unless enjoined and restrained by this Court, Defendant Feastables, Inc. will continue to engage in unlawful conduct. Plaintiff Dees Nuts LLC has no adequate remedy at law in that Defendant will continue its infringing conduct as alleged above. Plaintiff Dees Nuts LLC therefore seeks preliminary and permanent injunctive relief precluding Defendant Feastables Inc. from further acts of infringement and from any further use, reference to or association with  DEE'S NUTS Mark. Plaintiff Dees Nuts LLC seeks such other injunctive relief as may be reasonable and appropriate to protect further infringement of its rights in and to the DEE'S NUTS Mark.

56. Plaintiff Dees Nuts LLC has been damaged as a result of Defendant Feastables Inc.'s infringing actions as alleged herein. In view of Defendant Feastable Inc.'s knowledge of Plaintiff's registration of the DEE'S NUTS Mark, Defendant Feastable, Inc.'s activities and actions are, and remain, willful and intentional. Plaintiff Dees Nuts LLC is entitled to recover its damages, as well as Defendant Feastables Inc.'s profits, treble damages, and corrective advertising

damages. Attorneys' fees are authorized by 15 U.S.C. § 1117. Destruction of infringing articles is authorized by 15 U.S.C. § 1118.

## COUNT II-False Designation of Origin of DEE'S NUTS
### (15 U.S.C. § 1125)

57.     Plaintiff Dees Nuts LLC re-alleges the allegations of paragraphs 1 through 41 herein.

58.     Defendant Feastables Inc.'s use of DEEZ NUTZ as a trademark on chocolate peanut bars and misconduct alleged herein constitutes commercial use of a trademark, or a false designation of origin, or a false or misleading description or representation of fact which is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff Dees Nuts LLC, as to the origin, quality, sponsorship or approval of Defendant's goods or associated activities, thereby causing damage to the reputation of Plaintiff Dees Nuts LLC's DEE'S NUTS Mark.

59.     By engaging in the misconduct alleged herein, Defendant Feastables Inc. has infringed Plaintiff's DEE'S NUTS Mark and Plaintiff's rights therein.

60.     Defendant Feastables Inc. had knowledge of Plaintiff's Dees Nuts LLC's registration with the USPTO of the DEE'S NUTS Mark, and such infringement was and remains willful and intentional.

61.     Defendant Feastables Inc.'s willful and intentional acts of infringement have caused and are causing significant injuries to Plaintiff Dees Nuts LLC's business, the value of its DEE'S NUTS Mark, and its goodwill and reputation, in an amount which cannot yet be ascertained. Plaintiff Dees Nuts LLC

is entitled to compensatory damages for the injuries caused by Defendant. Unless restrained, the continuation of such damages will cause further irreparable injury and damage leaving Plaintiff with no adequate remedy at law.

62.    By reason of Defendant Feastables Inc.'s misconduct, Plaintiff Dees Nuts LLC is entitled to preliminary and permanent injunctive relief against Defendant, and anyone acting in concert with Defendant, enjoining further acts of infringement, unfair competition, false advertising, and false designation of origin.

63.    As a direct and proximate result of the intentional misconduct of Defendant Feastables Inc. alleged herein, Plaintiff Dees Nuts LLC is entitled to recover Defendant's profits in an amount to be determined at trial, plus treble damages or other enhanced damages based on Defendant's willful, intentional, and/or grossly negligent acts, along with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## **COUNT III- Florida Common Law Trademark Infringement**

64.    Plaintiff Dees Nuts LLC re-alleges the allegations of paragraphs 1 through 41 herein.

65.    By virtue of the acts complained of herein, Defendant has caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby infringing Plaintiff's trademark rights, in violation of common law of the State of Florida.

66.    Plaintiff is being irreparably injured. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this

Court from further violations of Plaintiff's rights, which Plaintiff has no adequate remedy at law.

## COUNT IV-Common Law Unfair Competition with DEE'S NUTS

67. Plaintiff Dees Nuts LLC re-alleges the allegations of paragraphs 1 through 41 herein.

68. Defendant Feastables Inc.'s continued unauthorized use of the infringing and phonetically equivalent DEEZ NUTZ mark constitutes common law unfair competition.

69. Defendant Feastables, Inc. has caused consumer confusion as to the source of Defendants goods in Florida and throughout the U.S.

70. As a direct and proximate result of the misconduct of Defendant Feastables Inc. alleged herein, Plaintiff Dees Nuts LLC is entitled to recover Defendant's profits in an amount to be determined at trial, plus treble damages or other enhanced damages based on Defendant's willful, intentional, and/or grossly negligent acts, plus reasonable attorneys' fees.

71. Defendant Feastables Inc.'s conduct was and continues to be willful and will continue unless enjoined by this Court. Plaintiff Dees Nuts LLC seeks equitable injunctive relief to preclude Defendant from further acts of infringement and from any further use, reference to or association with Plaintiff's DEE'S NUTS Mark. Plaintiff Dees Nuts LLC further seeks an injunction ordering the past infringements be corrected in writing, and that all profits from Defendant's infringing acts be held in constructive trust for Plaintiff. Plaintiff further seeks

destruction of all infringing articles, and such other injunctive relief as may be reasonable and appropriate to protect from further infringement of Plaintiff's rights in and to the DEE'S NUTS Mark.

## COUNT V-Violation of FDUTPA Damaging DEE'S NUTS
### (§ 501.201 et seq., Fla. Stat.)

72.     Plaintiff Dees Nuts LLC re-alleges the allegations of paragraphs 1 through 41 herein.

73.     Defendant Feastables Inc.'s continued unauthorized use of the infringing and phonetically equivalent DEEZ NUTZ mark constitutes unfair and deceptive or unconscionable trade practices under the Florida Deceptive and Unfair Trade Practices Act.

74.     Plaintiff Dees Nuts LLC has suffered actual damages as a direct result of Defendant Feastables Inc.'s deceptive and unfair trade practices.

75.     Plaintiff Dees Nuts LLC seeks equitable injunctive relief to preclude Defendant from further acts of infringement and from any further use, reference to or association with Plaintiff's DEE'S NUTS Mark. Plaintiff Dees Nuts LLC further seeks an injunction ordering the past infringements be corrected in writing, and that all profits from Defendant's infringing acts be held in constructive trust for Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dees Nuts LLC respectfully requests the following relief:

A.    A preliminary and permanent injunction enjoining Feastables Inc., its employees, agents, officer, directors, attorneys, representatives, successors, affiliates, subsidiaries, and assigns, and all those in concert or participation with any of them from:

I.    Imitating, copying, using, reproducing, registering, attempting to register and/or display any mark so resembling Plaintiff's DEE'S NUTS Mark as to be likely to cause confusion, mistake, or deception therewith; and

II.    Using any false description or representation or any other thing calculated or likely to cause consumer confusion, deception, or mistake in the marketplace with regard to Plaintiff's DEE'S NUTS Mark or products sold thereunder;

B.    An order directing that Feastables Inc. remove all signage and deliver up for destruction all materials and matter in its possession or custody or under its control that infringes Plaintiff's DEE'S NUTS Mark, including, without limitation, all advertising and promotional materials;

C.    An order for corrective advertising in a form, manner, and frequency that is acceptable to Dees Nuts LLC and the Court;

D.   An order directing that Feastables Inc. file with the Court and serve upon counsel for Dees Nuts LLC within thirty (30) days after the entry of such order or judgment, a report in writing and under oath setting forth in detail the manner and form in which it has complied with this Court's orders;

E.   Judgment against Feastables Inc., awarding Dees Nuts LLC all profits of Feastables Inc. resulting from its misconduct alleged herein, in an amount to be proven at trial;

F.   Judgment against Feastables Inc., awarding Dees Nuts LLC treble damages based upon Feastables Inc.'s profits after an accounting thereof, including all statutory enhancements and other enhancements on account of the willful and intentional nature of Feastables Inc.'s misconduct;

G.   An award of prejudgment and post judgment interest;

H.   An award of Dees Nuts LLC's costs and expenses, including, without limitation, Plaintiff's attorneys' fees incurred herein; and

I.   All other relief, in law or equity, to which Dees Nuts LLC may be entitled, or which the Court deems just and proper.

## REQUEST FOR TRIAL BY JURY

Plaintiff Dees Nuts LLC requests a trial by jury on all issues so triable.

**VERIFICATION BY BRIAN A. DITORE**

Under penalty of perjury, I, as president of Dees Nuts, LLC, declare that I have read the foregoing and the facts alleged therein are true and correct to the best of my knowledge and belief.

_8/22/23_
Date

Brian A Ditore, President
Dees Nuts, LLC

Respectfully submitted,

/s/
Crystal T. Broughan, Esquire
Florida Bar No.: 0863343
Mitchell R. Ghaneie, Esquire
Florida Bar No.: 115965
Logan K. McEwen, Esquire
Florida Bar No.: 98683
MARKS GRAY, P.A.
P.O. Box 447
Jacksonville, Florida 32201
Telephone: (904) 398-0900
E-mail:    cbroughan@marksgray.com
mghaneie@marksgray.com
lmcewen@marksgray.com

*Attorneys for Plaintiff*