**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DEES NUTS LLC,

                    Plaintiff,

-vs-                                   Case No. 3:23-cv-1006-MMH-JBT

FEASTABLES INC.,

                    Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on the Joint Motion for Entry of Stipulated Judgment Granting Permanent Injunction Against Defendant Feastables, Inc. (Doc. 33; Motion), filed on October 23, 2023. In the Motion, the parties request entry of a proposed Final Order Granting Permanent Injunction Against Feastables Inc. (Doc. 33-1; Proposed Permanent Injunction) and represent that the parties "have agreed to the entry of the Final Order Granting Permanent Injunction freely and voluntarily after consulting with legal counsel of their choosing." <u>See</u> Motion at 3. Significantly, the Proposed Permanent Injunction invokes Rule 65 of the Federal Rules of Civil Procedure (Rule(s)) and enjoins Defendant from engaging in certain conduct. However, upon review, the Court is unable to approve and enter the Proposed Permanent

Injunction in its current form as it fails to comply with the requirements of Rule 65 of the Federal Rules of Civil Procedure (Rule(s)).  As such, the Court will deny the Motion without prejudice to the filing of a renewed motion that incorporates the following revisions.

In the Proposed Permanent Injunction, the parties identify the persons bound by the order as follows: "Defendant, its respective members, officers, directors, agents, employees, affiliates, divisions, and subsidiaries . . . ."  <u>See</u> Proposed Permanent Injunction at 2.  Although this language is generally consistent with subparagraphs (A)–(B) of Rule 65(d)(2), it fails to include the limiting language at the outset of Rule 65(d)(2) that an injunction binds only those persons "who receive actual notice of it by personal service or otherwise."  <u>See</u> Rule 65(d)(2).  To ensure that any injunction entered by the Court accurately reflects those persons who are bound by its directives, the parties must insert language in this paragraph limiting the reach of the injunction to only those persons who receive actual notice.

In addition, the Court observes that the Proposed Permanent Injunction does not specify or otherwise limit its duration.  The Court is not inclined to enforce the Proposed Permanent Injunction into perpetuity.  Any revised Proposed Permanent Injunction must contain a provision limiting the duration of the injunctive relief to a reasonable timeframe as appropriate under the facts of this case.

Accordingly, it is

**ORDERED:**

1. The Joint Motion for Entry of Stipulated Judgment Granting Permanent Injunction Against Defendant Feastables, Inc. (Doc. 33) is **DENIED without prejudice** to filing a renewed motion with a revised Proposed Permanent Injunction that complies with the requirements of this Order.

2. The parties shall have up to and including **November 17, 2023**, to file the renewed motion.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of October, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record